IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

GREENEVILLE DIVISION



FILED

APR 15 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

Civil Action

No.

2:26cv77
Corker/wyrick

**ALBERTO MORA,** Plaintiff,

v.

**WASHINGTON COUNTY, TENNESSEE; WASHINGTON COUNTY SHERIFF'S OFFICE; JOHN DOE DEPUTIES 1–5,** individually and in their official capacities; **JOHN DOE ANIMAL CONTROL OFFICERS 6–10,** individually and in their official capacities; **ROSARIO MORA;** and **SUSAN MILLER,** Defendants.

Case No. _____ Judge _____ Jury Trial

Demanded

## COMPLAINT UNDER 42 U.S.C. § 1983 FOR DEPRIVATION OF CIVIL RIGHTS

### JURY TRIAL DEMANDED

### I. PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and supplemental state law claims, to redress the deprivation of Plaintiff's constitutional rights by Defendants acting under color of state law and in conspiracy with private actors.

1

**2.** Plaintiff Alberto Mora ("Plaintiff") brings this action to vindicate his constitutional rights after being unlawfully excluded from his home, deprived of his property and animals, and denied fundamental due process protections by Defendants acting under color of state law and/or in conspiracy with state actors.

**3.** Defendants, individually and collectively, deprived Plaintiff of his rights to be free from unreasonable seizures of his person and property, his right to procedural and substantive due process, and his right to the use and enjoyment of his home and personal property all without lawful authority, without a warrant supported by probable cause, and without affording Plaintiff any meaningful opportunity to be heard.

**4.** The actions of Defendants were willful, malicious, reckless, and undertaken with deliberate indifference to Plaintiff's clearly established constitutional rights.

**5.** Plaintiff seeks compensatory damages, punitive damages, declaratory relief, injunctive relief, and reasonable litigation expenses pursuant to 42 U.S.C. § 1988.

## II. JURISDICTION AND VENUE

**6.** This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, specifically the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

**7.** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(3) and (4), which confer jurisdiction over civil actions to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution of the United States and to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

2

**8.** This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as such claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**9.** Venue is proper in the Eastern District of Tennessee, Greeneville Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action occurred in Washington County, Tennessee, which is within this judicial district and division.

**10.** Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201–2202.

### III. PARTIES

**11.** Plaintiff Alberto Mora is a natural person, a citizen of the United States, and a resident of the State of Tennessee. At all times relevant to this Complaint, Plaintiff was the owner or co-owner of the real property located at 2040 Happy Valley Road, Limestone, TN 37681, Washington County, Tennessee (hereinafter "the Property"), as evidenced by Warranty Deed recorded in Book 441, Page 762, Register of Deeds, Washington County, Tennessee.

**12.** Defendant Washington County, Tennessee ("the County"), is a governmental entity and political subdivision of the State of Tennessee, organized and existing under the laws of the State of Tennessee, and is subject to suit under 42 U.S.C. § 1983 for its policies, customs, and practices that caused the deprivation of Plaintiff's constitutional rights. See *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

**13.** Defendant Washington County Sheriff's Office is the law enforcement agency of Washington County, Tennessee, responsible for the supervision, training, direction, and discipline of its deputies and officers. To the extent the Sheriff's Office is a department of the

3

County rather than a separate suable entity, Plaintiff sues both the County and the Sheriff's Office to ensure all responsible governmental entities are before this Court.

14. Defendants John Doe Deputies 1–5 are current or former deputies of the Washington County Sheriff's Office who, at all times relevant to this Complaint, acted under color of state law within the meaning of 42 U.S.C. § 1983. Their true names and identities are presently unknown to Plaintiff and will be substituted by amendment upon identification through discovery.

15. John Doe Deputies 1–5 are sued in both their individual capacities and their official capacities. In their individual capacities, they are personally liable for their unconstitutional acts. In their official capacities, their acts constitute the acts of Washington County.

16. Defendants John Doe Animal Control Officers 6–10 are current or former officers employed by Washington County Animal Control (or such division as is responsible for animal control services in Washington County) who, at all times relevant to this Complaint, acted under color of state law. Their true names and identities are presently unknown to Plaintiff and will be substituted by amendment upon identification through discovery.

17. John Doe Animal Control Officers 6–10 are sued in both their individual capacities and their official capacities.

18. Defendant Rosario Mora ("Rosario Mora") is a natural person and a resident of Washington County, Tennessee. Rosario Mora is the Respondent in the underlying domestic relations proceeding pending in the Washington County Chancery Court, Case No. 22 DM 0748C.

19. Rosario Mora is sued as a private actor who conspired with and/or acted jointly with state actors to deprive Plaintiff of his constitutional rights. Private persons who act in concert

**4**

with state officials to deprive individuals of their constitutional rights are subject to liability under 42 U.S.C. § 1983. See *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("]private persons, jointly engaged with state officials in [a] challenged action, are acting 'under color' of state law for purposes of § 1983 actions.").

20. Defendant Susan Miller ("Miller") is a natural person and a resident of Washington County, Tennessee. Miller held herself out as a real-estate agent in connection with the marital Property. Upon information and belief, Miller conspired with and acted jointly with Rosario Mora and the state-actor Defendants to procure the unlawful exclusion of Plaintiff from the Property and the seizure of his belongings and animals. As set forth in detail below, the documentary record (Exhibits 1–8) conclusively establishes that Miller had no listing agreement in force, no contractual authority, and no lawful basis to submit the "Declaration of Susan Miller" upon which the Chancery Court relied in issuing the ex parte Writ of Possession.

21. Miller is sued as a private actor who participated in joint action with state actors to deprive Plaintiff of his constitutional rights. Specifically, Miller: (a) submitted a Declaration to the Washington County Chancery Court despite having no listing agreement in force and no contractual authority over the Property (see Exhibit 2, confirming termination of her listing agreement on April 24, 2025); (b) represented — expressly or by implication — that she possessed authority or standing to support the Writ of Possession when the documentary evidence (Exhibits 1–8) conclusively demonstrates she did not; (c) directed or encouraged law-enforcement action against Plaintiff; and (d) actively participated in the conspiracy to deprive Plaintiff of his constitutionally protected rights. See *Dennis v. Sparks*, 449 U.S. 24 (1980); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).

5

**22.** At all times relevant hereto, each Defendant acted willfully, knowingly, and with deliberate indifference to Plaintiff's clearly established constitutional rights.

## IV. STATEMENT OF FACTS

### A. Background

**23.** At all times relevant to this Complaint, Plaintiff was the owner or co-owner of the Property located at 2040 Happy Valley Road, Limestone, TN 37681, Washington County, Tennessee. Plaintiff acquired his ownership interest in the Property on or about September 2017 and has maintained the Property, paid taxes, maintained insurance, and exercised all incidents of ownership continuously since that time.

**24.** Plaintiff resided at the Property for approximately eight and one-half years and maintained personal belongings, documents, business records, and animals at the Property.

**25.** A domestic relations proceeding is pending between Plaintiff and Rosario Mora in the Chancery Court of Washington County, Tennessee, Case No. 22 DM 0748C. That proceeding involves the divorce and division of marital property.

**26.** At all relevant times, Plaintiff maintained a possessory interest in and a constitutional right to the use and enjoyment of the Property, as well as a protected property interest in his personal belongings, animals, and documents located therein.

### B. The Ex Parte Order

**27.** On or about March 24, 2026, the Washington County Chancery Court entered an order excluding Plaintiff from the Property (hereinafter "the Ex Parte Order"). The Ex Parte Order was procured by Defendant Rosario Mora, with the assistance of Defendant Susan Miller.

6

**28.** The Ex Parte Order was obtained without prior notice to Plaintiff and without affording Plaintiff any opportunity to be heard before the deprivation of his constitutionally protected property and liberty interests.

**29.** The Ex Parte Order was procured through materially false, misleading, and/or incomplete representations made to the Chancery Court by Rosario Mora and Susan Miller. Specifically, the Court relied upon the "Declaration of Susan Miller," yet the documentary record establishes: (a) no listing agreement existed during 2024 or at the time the divorce was executed on March 13, 2025 (Exhibit 1); (b) the listing agreement was terminated no later than April 24, 2025 (Exhibit 2, Miller's own email); (c) every subsequent communication from Miller (Exhibits 3–8) concerned only property-condition matters such as humidity — not any contractual or agency authority; and (d) Miller therefore had no contractual authority, no listing agreement in force, and no lawful basis to submit the Declaration upon which the Court relied. The submission of Miller's Declaration without contractual authority constitutes a fraud upon the Court.

**30.** The following documentary evidence, appended hereto as Exhibits, establishes the complete absence of Miller's contractual authority: Exhibit 1 (Exclusive Right to Sell Listing Agreement showing no agreement during 2024); Exhibit 2 (Miller email of April 24, 2025, confirming termination); Exhibit 3 (Mora email of April 25, 2024, predating listing agreement); Exhibit 4 (Miller emails of May 16 and 19, 2025, concerning humidity only); Exhibit 5 (Miller emails of May 29 and June 2, 2025, concerning property condition only); Exhibit 6 (Miller email of June 27, 2025, concerning humidity only); Exhibit 7 (Miller email of July 3, 2025, concerning house condition only); and Exhibit 8 (Miller emails of July 12 and 22, 2025, concerning property condition only). None of these exhibits establish any listing authority, contractual relationship, or legal basis for the eviction or exclusion of Plaintiff.

7

**31.** The Ex Parte Order did not authorize the seizure of Plaintiff's personal property, animals, documents, or business records. No warrant or judicial authorization was issued for such seizure. No probable cause existed for any such seizure.

## C. The Exclusion Event

**32.** On or about March 24, 2026, at approximately 9:20 a.m., officers of the Washington County Sheriff's Office, identified herein as John Doe Deputies 1–5, and officers of Washington County Animal Control, identified herein as John Doe Animal Control Officers 6–10, arrived at the Property to execute and/or enforce the Ex Parte Order.

**33.** Upon arrival, Defendants physically prevented Plaintiff from entering the Property, ordered Plaintiff to vacate immediately, denied Plaintiff entry to the Property, refused to permit Plaintiff to retrieve personal belongings, essential documents, identification, prescription medications, or other necessities, and seized Plaintiff's animals from the Property.

**34.** No warrant was presented to Plaintiff. No probable cause existed for the seizure of Plaintiff's personal property or animals. No applicable exception to the warrant requirement justified the Defendants' actions.

**35.** Plaintiff was given no opportunity to contest the Ex Parte Order, to present evidence, to consult with counsel, or to otherwise protect his constitutional rights before being dispossessed of his home, property, and animals.

**36.** The manner and circumstances of Plaintiff's exclusion were deeply traumatic. Although the officers on scene conducted themselves with courtesy, they personally witnessed that Plaintiff had previously filed a Motion to Set Aside Orders Entered Without Notice on January 7, 2026, at 11:13 a.m. (See Exhibit 6). Despite being filed timely, this motion was ignored by

8

the court and no hearing was ever scheduled or held. During the exclusion, one of the officers contacted the court and informed court personnel that the case still had a pending hearing request and an unresolved opposition that had been filed on time. Plaintiff had never received notice, never received a response, and never received an opportunity to be heard on the pending filings. Instead, Plaintiff was served only with a Writ of Possession, which was executed without notice, without review of the pending filings, and without due process. The manner in which the Writ was issued and executed functioned as a scheme to take possession of Plaintiff's home and resulted in a deprivation of Plaintiff's civil rights, including the right to due process under the Fourteenth Amendment and the right to be free from unreasonable seizure under the Fourth Amendment.

### D. Seizure of Property and Animals

**37.** During and following the exclusion, Defendants seized Plaintiff's personal property and animals, including but not limited to: three (3) cats (two males, one female); four (4) turkeys (two males, two females); three (3) guinea fowl; ten (10) chickens; seven (7) geese; business records and commercial documents; tax filings and financial statements; bank records and personal financial documents; identification documents, including Plaintiff's passport and driver's license; prescription medications required for daily health and safety; clothing and personal hygiene items; personal electronics containing business, medical, and financial data; family photographs and irreplaceable sentimental items; and other personal effects of substantial monetary, evidentiary, and sentimental value.

**38.** The seizure of Plaintiff's property and animals was effected without a warrant, without probable cause, without Plaintiff's consent, and without any judicial authorization for such

9

seizure. No provision of the Ex Parte Order authorized the seizure of Plaintiff's personal property or animals.

**39.** This seizure constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment. See *Soldal v. Cook County*, 506 U.S. 56 (1992).

### E. Role of Private Defendants

**40.** Defendants Rosario Mora and Susan Miller directed, encouraged, procured, and/or actively participated in the state actors' unlawful conduct described herein. They acted willfully and with the specific intent to deprive Plaintiff of his constitutional rights.

**41.** Rosario Mora and Miller coordinated with the John Doe Deputies and John Doe Animal Control Officers before, during, and after the exclusion event. Upon information and belief, Rosario Mora and Miller communicated directly with law enforcement and animal control officers and provided false or misleading information to facilitate and procure the unlawful exclusion and seizure.

**42.** By their actions, Rosario Mora and Miller became willful participants in joint action with state actors, rendering them liable under 42 U.S.C. § 1983. See *Dennis v. Sparks*, 449 U.S. 24 (1980); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).

### F. Ongoing Harm

**43.** As of the date of this Complaint, Plaintiff continues to be denied access to the Property. Plaintiff has been unable to return to his home, retrieve his personal belongings, access his documents and business records, or recover his animals.

10

**44.** Plaintiff has suffered, and continues to suffer, severe emotional distress, anxiety, depression, humiliation, and mental anguish as a direct and proximate result of Defendants' unconstitutional conduct.

**45.** Plaintiff has suffered, and continues to suffer, significant financial hardship, including but not limited to: loss of housing, costs of alternative housing, loss of personal property, loss of income and business opportunities, and costs associated with displacement from his home.

**46.** Plaintiff has been deprived of the companionship of his animals, which deprivation has caused, and continues to cause, severe emotional distress and constitutes a further deprivation of his constitutionally protected property interests.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FOURTEENTH AMENDMENT — PROCEDURAL DUE PROCESS
### (42 U.S.C. § 1983 — Against All Defendants)

**47.** Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 46 above as though fully set forth herein.

**48.** At all times relevant hereto, Plaintiff possessed a constitutionally protected property interest in his home, in his right to occupy and use the Property, and in his personal property and animals located at the Property. These interests are protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

11

**49.** The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

**50.** Defendants deprived Plaintiff of his constitutionally protected property and liberty interests without prior notice and without a meaningful opportunity to be heard before the deprivation. See *Mathews v. Eldridge*, 424 U.S. 319 (1976) (establishing the three-factor balancing test for evaluating the adequacy of procedural due process protections).

**51.** The deprivation was not the result of a random and unauthorized act for which adequate post-deprivation remedies existed; rather, it was effected pursuant to established state procedures that were themselves constitutionally deficient. See *Zinermon v. Burch*, 494 U.S. 113 (1990).

**52.** The Defendant deputies and animal control officers acted under color of state law in executing and enforcing the Ex Parte Order and in seizing Plaintiff's property and animals.

**53.** Defendants Washington County and Washington County Sheriff's Office are liable for the unconstitutional policies, customs, and practices that caused the deprivation, including the failure to ensure that adequate procedural protections were afforded before the deprivation of Plaintiff's rights.

**54.** The private Defendants, Rosario Mora and Susan Miller, are liable under 42 U.S.C. § 1983 because they conspired with and/or acted jointly with state actors to deprive Plaintiff of his procedural due process rights. See *Dennis v. Sparks*, 449 U.S. 24 (1980); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).

**55.** The deprivation of Plaintiff's procedural due process rights was the direct and proximate cause of Plaintiff's injuries and damages as described herein.

12

**56.** As a direct and proximate result of Defendants' violations of his procedural due process rights, Plaintiff has suffered and continues to suffer compensable injuries, including but not limited to loss of property, loss of housing, emotional distress, financial hardship, and deprivation of liberty.

## COUNT II
### VIOLATION OF THE FOURTH AMENDMENT — UNREASONABLE SEIZURE
### (42 U.S.C. § 1983 — Against Washington County, Washington County Sheriff's Office, John Doe Deputies 1–5, John Doe Animal Control Officers 6–10, Rosario Mora, and Susan Miller)

**57.** Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 56 above as though fully set forth herein.

**58.** The Fourth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

**59.** The Fourth Amendment protects against unreasonable seizures of property, including seizures of homes, personal property, and animals. See *Soldal v. Cook County*, 506 U.S. 56 (1992) (holding that the Fourth Amendment applies to seizures of property, including the seizure of a home); *United States v. Place*, 462 U.S. 696 (1983).

**60.** Defendants seized Plaintiff's home, personal property, and animals without a warrant, without probable cause, and without any applicable exception to the warrant requirement.

13

**61.** The Ex Parte Order did not constitute a warrant within the meaning of the Fourth Amendment, was not supported by probable cause, and did not authorize the seizure of Plaintiff's personal property or animals.

**62.** The seizure was objectively unreasonable under the totality of the circumstances. No reasonable officer could have believed that the seizure of Plaintiff's personal property and animals was lawfully authorized or constitutionally permissible under the circumstances.

**63.** The individual Defendant deputies and animal control officers are not entitled to qualified immunity because their conduct violated clearly established constitutional rights of which a reasonable officer would have known. See *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (establishing that government officials performing discretionary functions are shielded from liability only insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known).

**64.** The private Defendants, Rosario Mora and Susan Miller, are liable for the Fourth Amendment violation because they conspired with and/or acted jointly with the state actor Defendants to procure and effectuate the unreasonable seizure.

**65.** The unreasonable seizure of Plaintiff's home, property, and animals was the direct and proximate cause of Plaintiff's injuries and damages as described herein.

**66.** As a direct and proximate result of Defendants' unreasonable seizure, Plaintiff has suffered and continues to suffer compensable injuries, including but not limited to loss of property, loss of housing, loss of companionship of animals, emotional distress, and financial hardship.

**14**

## COUNT III

## VIOLATION OF THE FOURTEENTH AMENDMENT — SUBSTANTIVE DUE PROCESS

## (42 U.S.C. § 1983 — Against All Defendants)

**67.** Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 66 above as though fully set forth herein.

**68.** The Substantive Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary and egregious government action that "shocks the conscience" and bears no reasonable relationship to any legitimate governmental objective. See *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

**69.** Defendants' conduct in forcibly excluding Plaintiff from his home, seizing his personal property and animals, and denying him any meaningful recourse was so arbitrary, egregious, and lacking in any legitimate governmental purpose as to shock the conscience of the Court.

**70.** Plaintiff had a fundamental right to the use and enjoyment of his home and property. The deprivation of this fundamental right through arbitrary executive action violates substantive due process regardless of the availability of procedural protections. See *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 542 (2005) (recognizing that arbitrary or irrational government conduct violates substantive due process).

**71.** Defendants acted with deliberate indifference to Plaintiff's fundamental constitutional rights, and their conduct was not justified by any countervailing governmental interest.

**72.** The substantive due process violations were the direct and proximate cause of Plaintiff's injuries and damages as described herein.

**73.** As a direct and proximate result of Defendants' violations of his substantive due process rights, Plaintiff has suffered and continues to suffer compensable injuries, including but not

15

limited to loss of property, loss of housing, emotional distress, mental anguish, humiliation, and financial hardship.

## COUNT IV
## CONSPIRACY TO DEPRIVE CIVIL RIGHTS
### (42 U.S.C. § 1983 — Against All Defendants)

74. Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 73 above as though fully set forth herein.

75. Defendants, acting individually and in concert, reached a meeting of the minds and agreed, either expressly or implicitly, to deprive Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

76. In furtherance of the conspiracy, each Defendant committed one or more overt acts, including but not limited to: procuring the Ex Parte Order through false or misleading representations; executing the Ex Parte Order without affording Plaintiff notice or an opportunity to be heard; seizing Plaintiff's personal property and animals without a warrant or probable cause; coordinating with private actors to effectuate the unlawful deprivation; and refusing to return Plaintiff's property and animals.

77. The conspiracy resulted in the actual deprivation of Plaintiff's Fourth and Fourteenth Amendment rights as described throughout this Complaint.

78. The existence and operation of the conspiracy are evidenced by, among other things, the coordinated actions of the Defendants, the temporal proximity of their respective acts, the communication between private and state actor Defendants, and the mutual benefit derived by the conspiring parties. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

16

**79.** As a direct and proximate result of the conspiracy and the overt acts committed in furtherance thereof, Plaintiff has suffered and continues to suffer compensable injuries, including but not limited to loss of property, loss of housing, loss of companionship of animals, emotional distress, and financial hardship.

## COUNT V
## MONELL LIABILITY — MUNICIPAL/COUNTY POLICY OR CUSTOM
### (42 U.S.C. § 1983 — Against Washington County, Tennessee, and Washington County Sheriff's Office)

**80.** Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 79 above as though fully set forth herein.

**81.** Under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), a municipality or county may be held liable under 42 U.S.C. § 1983 when its official policies, customs, or practices cause the deprivation of an individual's constitutional rights.

**82.** Washington County and the Washington County Sheriff's Office maintained and implemented unconstitutional policies, practices, and/or customs, including but not limited to: (a) failing to train deputies and animal control officers on the due process requirements governing the execution of ex parte orders; (b) failing to train officers on the Fourth Amendment limitations on the seizure of personal property and animals; (c) ratifying the unconstitutional conduct of the individual Defendant officers; and (d) maintaining a policy, practice, or custom of deliberate indifference to the constitutional rights of persons subject to ex parte civil orders.

**83.** The failure to train amounted to deliberate indifference to the constitutional rights of persons with whom the County's officers were certain to come into contact. See *City of*

17

*Canton v. Harris*, 489 U.S. 378 (1989). The need for training was so obvious, and the inadequacy of existing training so likely to result in the violation of constitutional rights, that the County's failure to train reflects a deliberate or conscious choice.

**84.** Upon information and belief, the County and its Sheriff's Office had actual or constructive notice of prior constitutional violations of a similar nature and failed to take corrective action.

**85.** The County's policymakers ratified the unconstitutional conduct described herein by failing to investigate, failing to discipline the officers involved, and failing to implement corrective measures. See *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397 (1997).

**86.** The constitutional violations suffered by Plaintiff were the direct and proximate result of the County's unconstitutional policies, customs, and practices.

## COUNT VI
### STATE LAW CLAIMS
**(Supplemental Jurisdiction Under 28 U.S.C. § 1367 — Against All Defendants as Applicable)**

**87.** Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 86 above as though fully set forth herein.

**88.** <u>Trespass to Property.</u> Defendants, individually and in concert, intentionally and unlawfully entered upon and interfered with Plaintiff's possessory interest in the Property and his personal property, without legal justification or Plaintiff's consent. Defendants' actions constitute trespass to real and personal property under Tennessee law.

**89.** <u>Conversion of Personal Property.</u> Defendants, individually and in concert, intentionally exercised dominion and control over Plaintiff's personal property, animals, documents, and

18

business records, thereby depriving Plaintiff of the use and enjoyment thereof. Defendants' actions constitute conversion under Tennessee law.

90. <u>Intentional Infliction of Emotional Distress.</u> Defendants' conduct, as described herein, was intentional, outrageous, and extreme, and exceeded all bounds of decency tolerated by civilized society. Defendants' conduct was the direct and proximate cause of severe emotional distress suffered by Plaintiff, including but not limited to anxiety, depression, humiliation, loss of sleep, mental anguish, and fear.

91. <u>Civil Conspiracy Under Tennessee Law.</u> Defendants entered into a combination or agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, resulting in injury to Plaintiff. Each Defendant committed overt acts in furtherance of the conspiracy, and Plaintiff suffered damages as a direct and proximate result thereof.

92. Plaintiff's state law claims arise from the same nucleus of operative facts as his federal civil rights claims, and this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367.

93. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has suffered and continues to suffer compensable injuries, including but not limited to loss of property, loss of housing, emotional distress, mental anguish, financial hardship, and loss of companionship of animals, in amounts to be proven at trial.

19

## VI. DAMAGES

**94.** Compensatory Damages. As a direct and proximate result of Defendants' unconstitutional and tortious conduct, Plaintiff has suffered and continues to suffer compensable damages, including but not limited to: (a) loss and deprivation of real and personal property; (b) loss of housing and costs of alternative housing; (c) severe emotional distress, mental anguish, anxiety, depression, humiliation, and loss of sleep; (d) loss of companionship of animals; (e) financial losses, including lost income, lost business opportunities, and costs of displacement; (f) costs of retrieving or replacing seized and converted property; and (g) such other damages as may be proven at trial.

**95.** Punitive Damages. The individual Defendants, including John Doe Deputies 1–5, John Doe Animal Control Officers 6–10, Rosario Mora, and Susan Miller, acted with malice, willfulness, recklessness, and/or callous and deliberate indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to an award of punitive damages against each individual Defendant in an amount sufficient to punish the wrongful conduct and deter such conduct in the future. See *Smith v. Wade*, 461 U.S. 30 (1983).

**96.** Nominal Damages. Even in the absence of proof of actual compensatory damages, Plaintiff is entitled to an award of nominal damages for the violation of his constitutional rights. See *Carey v. Piphus*, 435 U.S. 247 (1978).

**97.** Plaintiff has been required to expend time, effort, and resources in the prosecution of this action, and is entitled to recover reasonable litigation expenses and costs pursuant to 42 U.S.C. § 1988.

20

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alberto Mora respectfully prays that this Honorable Court enter judgment in his favor and against all Defendants, jointly and severally, and grant the following relief:

1. Compensatory damages in an amount to be determined at trial, but not less than [AMOUNT];

2. Punitive damages against each individual Defendant in an amount sufficient to punish and deter future violations of constitutional rights;

3. A declaratory judgment, pursuant to 28 U.S.C. §§ 2201–2202, that Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution;

4. Preliminary and permanent injunctive relief, including but not limited to:
   - (a) Restoring Plaintiff's access to and possession of the Property;
   - (b) Ordering the return of all seized property and animals to Plaintiff;
   - (c) Enjoining Defendants from any further interference with Plaintiff's constitutional rights;

5. Reasonable litigation expenses and costs pursuant to 42 U.S.C. § 1988;

6. Pre-judgment and post-judgment interest as allowed by law;

7. Such other and further relief as this Court deems just, equitable, and proper.

21

## VIII. JURY DEMAND

Plaintiff Alberto Mora hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

## VERIFICATION

I, Alberto Mora, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this _____ day of _____, 20___.

_____

ALBERTO MORA, Pro Se Plaintiff

**PRO SE PLAINTIFF INFORMATION**

Alberto Mora, Pro Se

2040 Happy Valley Road

Limestone, TN 37681

Telephone: 423-647-0081

Email: albertomora@msn.com

**22**

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____, 20____, a true and correct copy of the foregoing Complaint was served upon all Defendants by [CERTIFIED MAIL, RETURN RECEIPT REQUESTED / PERSONAL SERVICE / OTHER AUTHORIZED METHOD] at the following addresses:

Washington County, Tennessee

c/o Washington County Mayor

100 East Main Street

Jonesborough, TN 37659

Washington County Sheriff's Office

c/o Washington County Sheriff

100 East Main Street

Jonesborough, TN 37659

John Doe Deputies 1–5

c/o Washington County Sheriff's Office

100 East Main Street

Jonesborough, TN 37659

John Doe Animal Control Officers 6–10

c/o Washington County Animal Control

100 East Main Street

Jonesborough, TN 37659

23

**Rosario Mora**
1430 Island Home Avenue
Knoxville, Tennessee 37920
rosariomorapimentel@gmail.com
Phone:786-405-9152

Vanessa Samano, Esq., &
1430 Island Home Avenue
Knoxville, Tennessee 37920
yoseline@knoxfamilylaw.com
Office (865) 291-1550
Fax (865) 247-6128


SUSAN MILLER
93 N RUFE TAYLOR RD, GREENEVILLE, TN 37745.
Phone: 423-620-9116
E-mail: susanjrm@gmail.com

*Real-Estate Agent / Co-Conspirator*

———————————————

**ALBERTO MORA, Pro Se Plaintiff**

**24**