UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| ALBERTO MORA,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON COUNTY, TENNESSEE, et al.,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:26-CV-77 |

**ORDER**

Plaintiff has filed a Renewed Motion for Authorization of Alternative Service of Process on Defendants Rosario Mora and Carlos Mora [Doc. 60] and a Motion to Extend Service Deadline [Doc. 62]. Defendants have not filed a response to either motion. For the reasons stated herein, Plaintiff's Renewed Motion for Authorization of Alternative Service of Process [Doc. 60] is **DENIED** and his Motion to Extend Service Deadline [Doc. 62] is **GRANTED**.

## I. BACKGROUND

On April 15, 2026, Plaintiff filed his Complaint. [Doc. 1]. On May 7, 2026, summonses were issued for all defendants. [Doc. 8]. However, Plaintiff failed to serve Defendants Rosario Mora ("Rosario") and Carlos Mora ("Carlos") with process. Plaintiff subsequently moved this Court for authorization to serve these defendants by alternative service of process. [Doc. 37]. On September 11, 2026, this Court denied Plaintiff's motion for alternative service of process without prejudice. [Doc. 58]. Instead, the Court provided Plaintiff with an additional thirty days to attempt service on Defendants Rosario and Carlos through the United States Marshals Service ("USMS")

or other private process server. [Doc. 58, p. 10]. The Court further ordered that if Plaintiff renewed his request for alternative service, he was to provide sufficient details concerning his efforts to locate and serve these defendants, including evidence that Defendant Rosario resides outside the United States as he alleged might be the case, and evidence supporting his contention that these defendants actively use the emails which he asked to use to serve them. *Id.* at 10–11.

On September 28, 2026, within seventeen (17) days of the Court's Order [Doc. 58], Plaintiff renewed his motion for alternative service of process for these defendants. [Doc. 60]. Plaintiff requests authorization to serve Defendant Rosario by email at rosariomorapimentel@gmail.com and Defendant Carlos by email at crltsz@gmail.com and by WhatsApp at +1 (954) 997-9760. Plaintiff asserts that Defendant Carlos resides in New Haven, Connecticut and is associated with Knowes LLC. [Doc. 60, p. 2]. Plaintiff also asserts that he previously attempted to locate Defendant Carlos at addresses associated with him and Knowes LLC. *Id.* On August 4, 2026, Connecticut State Marshall Brian Mezick attempted service at 1449 Whalley Avenue, Unit 3981, New Haven, Connecticut, and 20 York Street, New Haven, Connecticut. *Id.* The first address was a United States Post Office, and the second address was Yale New Haven Hospital. *Id.* The Marshall returned the papers, noting that they were unserved. *Id.* A private process server, ABC Legal Services, also attempted to serve Defendant Carlos. *Id.* It found Defendant Carlos's post office box located at 6330 North Andrews Avenue, No. 177, Fort Lauderdale, Florida 33309, but not Defendant Carlos himself. *Id.* ABC was able to serve Knowes LLC through its receptionist at 476 Riverside Avenue, Jacksonville, Florida 32202 but was unable to personally serve Defendant Carlos at that location because he was not present and the receptionist advised that she did not recognize him. *Id.*

Plaintiff asserts that, on August 7, 2026, Defendant Carlos used the email crltsz@gmail.com to send a motion to the Clerk and Master of the Washington County Chancery Court in Mora v. Mora, No. 22-DM-0748, and copied Plaintiff on the email. *Id.* The email was also signed "Carlos Mora." *Id.* Plaintiff further asserts that WhatsApp identifies "Carlos Mora" as the user of +1 (954) 997-9760 and displays an "Available" status. *Id.* at 3. This telephone number was recorded by Marshall Mezick as contact information for Defendant Carlos. *Id.* at 2–3.

Plaintiff asserts that he attempted service on Defendant Rosario at 5705 Northwest 47th Avenue, Tamarac, Florida 33319. *Id.* at 3. On July 2, 2026, a process server spoke with a resident at that address who stated that they did not know Defendant Rosario. *Id.* The summons was then returned unexecuted. *Id.* Plaintiff states that he does not have an alternate address for Defendant Rosario to use for service of process. *Id.* Plaintiff alleged in his complaint that Defendant Rosario resides in the Dominican Republic and supports that allegation by the fact that Defendant's counsel in *Mora v. Mora*, No. 22-DM-0748, filed a motion asking that Defendant Rosario be permitted to appear remotely and a copy of the motion was sent to her "by email." *Id.* Plaintiff also asserts that photographs show Defendant Rosario at La Locanda on Nunez De Caceres Avenue in Santo Domingo, Dominican Republic. *Id.*

Plaintiff states that he has "completed delivery" of emails to Defendant Rosario at rosariomorapimentel@gmail.com previously. *Id.* He further asserts that Vanessa Samano, Defendant Rosario's attorney in a domestic relations matter, has used email to transmit filings to Defendant Rosario previously. *Id.*

## II. APPLICABLE LAW AND ANALYSIS

Plaintiff moves the Court for an order authorizing alternative service of process by email under Federal Rules of Civil Procedure Rule 4(f) and Rule 4(e). [Doc. 37, p. 1]. Rule 4(f)(3)

permits service in a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders." Some circuits have held that Rule 4(f)(3) service is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) and is neither a "last resort" nor "extraordinary relief." *Rio Props., Inc. v. Rio Int'l Interlink*, 294 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Group, LLC v. President Fellows*, 199 F.R.D. 22, 23 (D. Me. 2001)). However, "the Sixth Circuit has not yet addressed whether there is a hierarchy of preference among Rule 4(f)'s methods of service." *Am. Clothing Express, Inc. v. Istanbuldc Veri Merkezi Ltd*, N. 2:22-CV-02579-SHM-ATC, 2023 WL 12238784, at *5 (W.D. Tenn. Sept. 22, 2023). Irrespective of this hierarchical preference, most courts have held that, before service may be authorized under Rule 4(f)(3), "parties may be required to show that they have 'reasonably attempted to effectuate service on the defendant, and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, 338 F.R.D. 100, 105 (N.D. Ohio 2021) (quoting *NOCO Co., Inc. v. Shenzhen Anband Tech.*, No. 1:17CV2205, 2018 WL 1373822, at*2 (N.D. Ohio Mar. 19, 2018)). Where alternative service was warranted, trial courts have authorized a wide variety of alternative methods of service under Rule 4(f)(3), including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and e-mail. *See SEC v. Tome,* 833 F.2d 1086, 1094 (2d Cir. 1987) (condoning service of process by publication in the *Int'l Herald Tribune* ); *Smith v. Islamic Emirate,* Nos. 01 Civ. 10132, 01 Civ. 10144, 2001 WL 1658211, at *2–3 (S.D.N.Y. Dec. 26, 2001) (authorizing service of process on terrorism impresario Osama bin Laden and al-Qaeda by publication); *Levin v. Ruby Trading Corp.,* 248 F. Supp. 537, 541–44 (S.D.N.Y.1965) (employing service by ordinary mail); *Int'l*

*Controls Corp. v. Vesco,* 593 F.2d 166, 176–78 (2d Cir. 1979) (approving service by mail to last known address); *Forum Fin. Group,* 199 F.R.D. at 23–24 (authorizing service to defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.,* 495 F. Supp. 73, 80 (S.D.N.Y.1980) (allowing service by telex for Iranian defendants); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.),* 245 B.R. 713, 719–20 (Bankr. N.D. Ga. 2000) (authorizing service via email).

Rule 4(e) permits service in a place within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In *Gathering Spot, LLC v. Gathering Spot at Burlington Vill. LLC*, No. 3:22-CV-7-TRM-JEM, 2022 WL 22863220, at *1 (E.D. Tenn. June 6, 2022), the court found that email was a permitted alternative form of service under Tenn. R. Civ. P. 4.04. Further, under Tennessee law, "[a]t any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against who the process is issued." Tenn. R. Civ. P. 4.09. However, "Florida law does not permit service of the initial pleadings by email." *Perry Baromedical Corp. v. Gregory Colonel & RMDC-Ser LLC*, No. 24-60024, 2024 WL 6967358, at *3 (S.D. Fla. Aug. 21, 2024). In determining whether to apply Rule 4(f) or 4(e), courts will look to where service is effected, not the location of the served individual. *See Silvious v. Pharaon*, 54 F.3d 697, 701–02 (11th Cir. 1995).

However, even if permitted by Rule 4(f)(3) or Rule 4(e), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be "reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In *Rio Properties*, the Ninth Circuit held that e-mail was reasonably calculated to apprise the defendant of the pendency of the action when e-mail was the defendant's preferred and utilized method of communication and defendant did not have an office where service could be effectuated more effectively. 284 F.3d at 1018. Similarly, in *Gathering Spot, LLC*, 2022 WL 22863220, at *2, the court allowed service by email where the plaintiff attempted to serve the defendant twenty-two times through ordinary methods, and the defendant had previously used the associated email to communicate with the plaintiff. Service by email can be a constitutional method of service of process where (1) diligent attempts to serve the defendant by ordinary methods have failed or would be futile and (2) it is reasonably certain that the defendant attempting to be served actively uses the email in question such that they would be put on notice.

Here, summonses were issued as to all defendants on May 7, 2026. Neither Rosario Mora nor Carlos Mora has been successfully served with process. While Plaintiff has made some efforts to serve Defendants by using a state Marshall service and a private process server [Doc. 60, pp. 2–3; Doc. 60-2, pp. 4, 7–11], Plaintiff has not yet attempted service through the USMS. The Court finds that service by the USMS would be most reasonably calculated to apprise interested parties of the pending litigation. The Court also finds that Plaintiff has not made reasonable efforts to locate Defendant Rosario beyond conclusory allegations that she is residing in the Dominican Republic. Further, while Plaintiff has provided evidence that he sent emails to rosariomorapimentel@gmail.com, he has not provided evidence that Defendant Rosario uses that email address or received those emails.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Renewed Motion for Alternative Service of Process on Rosario Mora and Carlos Mora [Doc. 60] is **DENIED** without prejudice. Plaintiff has also filed a Motion to Extend Service Deadline [Doc. 62] in which he seeks additional time to serve these two defendants. The Court **GRANTS** that motion [Doc. 62] given that Plaintiff has attempted in good faith to serve these defendants. Plaintiff shall have an additional thirty (30) days from the date of this Order to attempt service on Defendants Rosario and Carlos through the USMS. If the USMS is unable to successfully serve these defendants, Plaintiff may renew his motion for alternative service.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge